| | |
|---|---|
| UNITED STATES DISTRICT COURT | FOR ONLINE PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | ONLY |

------------------------------------------------------------- X
THOMAS WALKER IV,

                      Plaintiff,

                  MEMORANDUM AND ORDER

       - against -

                  08-CV-959 (JG) (AKT)

U.S. MARSHALS, WATERBURY POLICE
DEPARTMENT, and 7th/ 6th PRECINCTS,
SUFFOLK COUNTY POLICE DEPARTMENT,
MASTIC/SELDEN NY,

                      Defendants.
------------------------------------------------------------- X

A P P E A R A N C E S:

    THOMAS WALKER, IV
        # 462140
        Suffolk County Correctional Facility
        110 Center Drive
        Riverhead, NY 11901
        Plaintiff, *pro se*

    CARMODY & TORRANCE LLP
        195 Church Street
        P.O. Box 1950
        New Haven, CT 06509
    By:   Howard K. Levine
        Attorney for Defendant Waterbury Police Department

JOHN GLEESON, United States District Judge:

        Plaintiff Thomas Walker IV, currently incarcerated in the Suffolk County Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, claiming that various police department officials violated his Eighth Amendment right against cruel and unusual punishment by denying him medical treatment. Walker is seeking "adequate medical attention for those after me"; appointment of a special prosecutor to investigate the misconduct of Suffolk

County law enforcement agencies; $5,000,000 in damages; and appropriate consequences for each offending officer. Defendant Waterbury Police Department ("WPD") moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6) as well as 28 U.S.C. § 1915A(b). For the reasons stated below, the motion is granted.

BACKGROUND

The following facts are drawn from the plaintiff's complaint, filed March 3, 2008, and are assumed to be true for the purposes of this motion.

On November 26, 2007, Walker was arrested in the parking lot of his apartment in Waterbury, Connecticut by U.S. Marshals, police detectives from the 6th and 7th precincts of Suffolk County Police Department and police officers from the Waterbury Police Department. He was taken to the Waterbury Police Department, where he was placed in a room for questioning. When Walker asked to speak with a lawyer, the detectives with whom he was speaking left the room. Later, the detectives returned to speak with Walker and promised him that if he made a written statement, he would be released from jail like his co-defendant.[1]

Upon being brought to the police department, Walker had begun to feel nauseated and dizzy. While being questioned by the detectives, he vomited and dry-heaved several times into a garbage can. Walker told the detectives that he had never felt this way before and requested that he be taken to a hospital for medical attention. The detectives promised Walker that he could see a doctor only if he "helped" them by signing a confession. After signing a statement, Walker was placed in a cell but did not receive medical treatment until the following day, when he was admitted to Walker Correctional Facility, where his blood pressure was monitored for three days.

---

[1] There is nothing else in the record before me about a co-defendant in Walker's case.

DISCUSSION

A.  *The Legal Standard for a Motion to Dismiss*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). Accordingly, I must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). However, I do not give effect to "legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).

While generally "[s]pecific facts are not necessary" to state a claim so long as the statement gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests,'" *Erickson*, 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964), in at least some circumstances a plaintiff must plead specific facts in order to survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1964-65. The Second Circuit has interpreted this principle as a "flexible 'plausibility standard'" under which a plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis omitted) (interpreting *Twombly*). The Second Circuit's subsequent decision in *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008), however, strongly suggests that *Twombly* does not significantly alter the lenient, notice-focused standard used to assess the complaint of a *pro se* litigant. *Id.* at 213-14. *Boykin* noted that after *Twombly*, the Supreme Court's decision in *Erickson* addressed the sufficiency of a *pro*

3

*se* plaintiff's pleading under Federal Rule of Civil Procedure 8(a). Relying on *Erickson*, the *Boykin* court concluded that "departure from Rule 8(a)'s liberal pleading standard was particularly unwarranted" where the complaint was filed *pro se*: "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin*, 521 F.3d at 214 (quoting *Erickson*, 124 S. Ct. at 2200).

When considering a motion to dismiss, a court may examine (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as an exhibit or incorporated in it by reference; (3) matters of which judicial notice may be taken; or (4) documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

B.     *WPD's Motion to Dismiss*

The Waterbury Police Department moves to dismiss Walker's complaint on the ground that it is not susceptible to suit under 42 U.S.C. § 1983.

A municipality is subject to suit pursuant to 42 U.S.C. § 1983. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978). A municipal police department, however, is not because it is a sub-unit or agency of the municipal government, which fulfills the municipality's policing function. "Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); *see also Kamholtz v. Yates County*, No. 08-CV-6210, 2008 WL 5114964, at *8 -9 (W.D.N.Y. Dec. 3, 2008) (dismissing claims against the Yates County Sheriff's Department on the ground that a municipality's police department is not subject to suit because it is

considered an administrative unit of the county); *Jones v. Waterbury Police Dep't*, No. 3:04CV2137, 2005 WL 1185723, at *2 (D. Conn. May 12, 2005) (dismissing all § 1983 claims against Waterbury Police Department "[b]ecause a municipal police department is not an independent legal entity"); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) (collecting cases); *Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999) ("A police department cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity."); *Willard v. Town of Hamburg*, No. 96-CV-0187E(H), 1996 WL 607100, at *1 (W.D.N.Y. Sept. 30, 1996) (dismissing claims against the police department and the town board because they do not "exist separate and apart from the Town and [they] do not have their own legal identities").

Because Walker asserts claims against WPD, an entity that is not amenable to suit under 42 U.S.C. § 1983, all claims against the WPD are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) ("[T]he court shall … dismiss the complaint, or any portion of the complaint, if the complaint--is frivolous, malicious, or fails to state a claim upon which relief may be granted"). *See also* 28 U.S.C. § 1915(e)(2)(B)(i) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action or appeal--is frivolous or malicious").

Dismissal of the claims against WPD begs the question whether Walker's claims should be construed as being brought against the city of Waterbury. *See Sheikh v. City of New York, Police Dep't*, Nos. 03-CV-6326, 05-CV-4718, 2008 WL 5146645, at *10 n.12 (E.D.N.Y. Dec. 5, 2008) (construing claims brought against the New York Police Department and Department of Corrections as claims against the City of New York); *Manning v. County of Westchester*, 93-Civ-3366, 1995 WL 12579, at *2 (S.D.N.Y. Jan. 5, 1995) (removing the

5

Westchester County Police Department as a named defendant because the County of Westchester was the real party in interest and was already a named defendant).

To prevail on a § 1983 claim against a municipality for acts committed by its police officers, a plaintiff must (1) prove the existence of a municipal policy or custom that caused his injuries, *Monell*, 436 U.S. at 694, and (2) establish a "causal link" between the official policy or custom and the alleged civil rights violation, *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). On a motion to dismiss, to satisfy the first prong of the test, Walker must allege the existence of one of the following:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Jones v. Westchester County Dep't of Corr. Med. Dep't*, 557 F. Supp. 2d 408, 417 (S.D.N.Y. 2008) (internal quotation marks omitted).

Construing his *pro se* complaint liberally, *see Erickson*, 124 S. Ct. at 2200, I conclude that Walker's complaint cannot plausibly be read to allege a policy or custom that would support municipal liability on the part of the City of Waterbury. Rather, the allegations are directed at the municipal practices of Suffolk County and its detectives. Specifically, Walker, who refers to the Waterbury "police" and Suffolk County "detectives," consistently describes the individuals who interrogated him and allegedly coerced a confession from him as "detectives." In addition, Walker devotes considerable space in his complaint to his broad-ranging allegations that Suffolk County has a history of police misconduct: "I have reviewed the

history of Suffolk County and … according to … officials and non-officials … Suffolk detectives miraculously obtained confessions in almost every case they investigated. … I request that the appointment of a special prosecutor look into the misconduct of the Suffolk County law enforcement agencies." Compl. 2-3. Accordingly, I conclude that Walker's allegations do not and cannot state a claim for municipal liability against the City of Waterbury. Thus, I do not construe his claims against WPD to be claims that should be properly brought against the City of Waterbury.

## CONCLUSION

For the reasons stated above, WPD's motion to dismiss is granted.

So ordered.

John Gleeson, U.S.D.J.

Dated:   February 4, 2009
         Brooklyn, New York