UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ONLINE PUBLICATION ONLY

-----------------------------------------------------------------x

THOMAS WALKER IV,

               Plaintiff,

MEMORANDUM AND ORDER

    -against-

08-CV-959 (JG)

U.S. MARSHALS SERVICE, WATERBURY
POLICE DEPARTMENT, 6TH AND 7TH
PRECINCTS, SUFFOLK COUNTY POLICE
DEPARTMENT,

               Defendants.

-----------------------------------------------------------------x

A P P E A R A N C E S:

    THOMAS WALKER IV
        Great Meadow Correctional Facility
        11739 State Route 22
        Comstock, New York 12821
        *Plaintiff* Pro Se

    BENTON J. CAMPBELL
        United States Attorney for the
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, New York 11201
    By:   Vincent Lipari
        *Attorney for Defendant U.S. Marshals Service*

    THOMAS J. SPOTA
        District Attorney for
        Suffolk County, New York
        H. Lee Dennison Building, Fifth Floor
        100 Veterans Memorial Highway
        Hauppauge, New York 11788
    By:   Arlene Zwilling
        *Attorney for Defendants 6th and 7th Precincts,*
        *Suffolk County Police Department*

JOHN GLEESON, United States District Judge:

Thomas Walker IV brings this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983 against the U.S. Marshals Service and the Suffolk County Police Department, asserting claims for false arrest, malicious prosecution, and, against the police department only, the denial of medical care in violation of his due process rights. He seeks money damages. Both defendants move for summary judgment on the false arrest and malicious prosecution claims. The motions are granted.

Walker, then a suspect in five armed home burglaries on Long Island, was arrested pursuant to a warrant in Waterbury, Connecticut, on November 26, 2007 by deputy U.S. Marshals and Suffolk County police officers. On May 7, 2009, he was convicted in New York Supreme Court, Suffolk County, of one count of assault in the first degree, one count of attempted burglary in the first degree, and ten counts of burglary in the first degree.

DISCUSSION

Walker's malicious prosecution claim fails because his conviction prevents him from establishing one of its necessary elements -- the termination of the prosecution in his favor. *See Cameron v. City of New York*, No. 08-5937-CV, 2010 WL 811304, at *9 (2d Cir. March 10, 2010).

His false arrest claim fails as well. As an initial matter, Walker has sued the U.S. Marshals Service and the Suffolk County Police Department. The U.S. Marshals Service, as a federal agency, is not amenable to a *Bivens* suit. *See Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 484 (1991). And the Suffolk County Police Department is a unit of the County of Suffolk, which, as a municipality, is not subject to liability under § 1983 unless there was a governmental

policy or custom condoning or permitting false arrests or malicious prosecutions. *See Vives v. City of New York*, 524 F.3d 346, 350 (2d Cir. 2008). The County of Suffolk has submitted an affidavit denying the existence of such a policy and Walker has not submitted any contrary evidence. Even if Walker had sued the individuals who arrested him, the claim would still have failed. Because the deputy marshals and police officers who arrested Walker did so pursuant to a facially valid warrant, they indisputably acted with the reasonable belief that the arrest was authorized, and thus are qualifiedly immune from suit for false arrest. *See Simms v. Village of Albion*, 115 F.3d 1098, 1106 (2d Cir. 1997).

## CONCLUSION

The motions for summary judgment are granted. The Clerk is respectfully directed to dismiss the U.S. Marshals Service as a party to this action. The Suffolk County Police Department remains a defendant because Walker's claim against it for denial of medical care is still alive.

So ordered.

John Gleeson, U.S.D.J.

Dated: April 13, 2010
      Brooklyn, New York